UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| CHARLES LEE MILES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:10-cr-00076-JAW-1 |
| | ) | 1:13-cv-00382-JAW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

# **RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

Petitioner Charles L. Miles moves to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255. (Motion, ECF No. 39.) Petitioner was convicted in 2010, following a guilty plea, of conspiracy to possess with intent to distribute oxycodone, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(C) (Count I of the Information); and of possessing a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count II of the Information). (Second Amended Judgment, ECF No. 34.)

In support of his motion, Petitioner asserts that he did not commit a firearms offense in violation of 18 U.S.C. § 924(c)(1)(A) because there was an insufficient nexus between the firearm, which federal agents found at his residence, and the drug trafficking conspiracy that was the subject of Count I. Petitioner also maintains that his counsel was ineffective; that recent Supreme Court cases (*Alleyne v. United States*, 133 S. Ct. 2151 (2013), *Peugh v. United States*, 133 S. Ct. 2072 (2013), and *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013)) support his request for relief; and that he is "actually innocent" of the charges of which he was convicted.

For the reasons explained below, the recommendation is that the Court deny Petitioner's motion.

## I. BACKGROUND

Petitioner waived indictment and pled guilty to the information in which the government charged a conspiracy and possession of a 9mm pistol in furtherance of a drug trafficking crime. (Second Amended Judgment; Information, ECF No. 7.) According to the prosecution, the evidence at trial would have established that Petitioner sold between 20 to 50 oxycontin 80 mg pills per day from November 18, 2009, to January 14, 2010. (Prosecution Version at 1, ECF No. 10.) The government further maintained that Petitioner conspired with others to distribute the pills in the Bangor area, and that on one occasion Petitioner sold oxycontin and accepted as payment the 9mm pistol that was the subject of Count II of the information. Officers found the gun near 35 oxycontin pills at Petitioner's residence. (Prosecution Version at 1.)

As part of the plea agreement, Petitioner agreed that the applicable penalties for Count I included imprisonment of not more than thirty years, followed by supervised release of a minimum of six years and a maximum of life; that the penalties for Count II included imprisonment of not less than five years and a maximum of life, followed by supervised release of not more than five years; that his sentence on Count II must be consecutive to the sentence imposed for the underlying drug trafficking crime; and that he understood that if any supervised release was revoked, he may be required to serve up to five additional years in prison, pursuant to 18 U.S.C. § 3583. (Plea Agreement at 2, ECF No. 11.) The plea agreement also addressed the waiver of appeal as follows:

> Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Knowing that, Defendant waives the right to appeal the following:

> a. Defendant's guilty plea and any other aspect of Defendant's conviction in the above-captioned case; and
>
> b. A sentence of imprisonment that does not exceed 210 months.
>
> The Defendant's waiver of his right to appeal shall not apply to appeals based on a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.
>
> The number of months mentioned in this paragraph does not necessarily constitute an estimate of the sentence that the parties expect will be imposed.

(Plea Agreement at 3-4.) The Court accepted the plea. (ECF No. 13.)

At sentencing, the Court granted Petitioner's motion for a downward departure from the sentencing guidelines based on his cooperation with the government. (Motion, ECF No. 24; Order, ECF No. 30.) On September 29, 2010, the Court entered judgment and sentenced Petitioner to 84 months on Count I and 60 months on Count II, to be served consecutively, followed by a term of supervised release of six years on Count I and five years on Count II, to be served concurrently. (Judgment at 2-3, ECF No. 31.) Subsequently, the Court amended the judgment to address forfeiture-related information in the judgment, and to provide Petitioner's United States Marshal's identification number. (ECF Nos. 33, 34.) The Second Amended Judgment was entered on October 13, 2010. (ECF No. 34.) Neither amended judgment altered the terms of imprisonment or supervised release.

Petitioner did not appeal from any of the judgments. As the government noted, Petitioner filed a pro se application in the First Circuit in May 2013, requesting permission to file a second or successive petition in accordance with his 28 U.S.C. § 2255 petition. *Miles v. United States*, No. 13-1702 (1st Cir. June 13, 2013). The First Circuit denied the application, citing Petitioner's failure to pursue a section 2255 motion in the District Court. (ECF No. 36.) Petitioner filed a section 2255 motion in this Court on October 16, 2013,

which was approximately three years after entry of the Second Amended Judgment and two years after the expiration of the limitations period set forth in section 2255(f)(1). The government argues that Petitioner did not file the motion timely, and, alternatively, that the motion fails on the merits. (ECF No. 42.)

## II. DISCUSSION

### A. Timeliness

Petitioner has the burden of establishing grounds for relief on a motion filed pursuant to 28 U.S.C. § 2255. *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998). The statute of limitations for section 2255 motions is set forth in 28 U.S.C. § 2255(f), which provides:

> A 1–year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> > (1) the date on which the judgment of conviction becomes final;
> >
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> >
> > (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See Turner v. United States,* 699 F.3d 578, 582 (1st Cir. 2012).

Because Petitioner did not appeal from any of the judgments, including the Second Amended Judgment, the judgment against him became final on October 27, 2010 (i.e., fourteen days after the October 13, 2010, Second Amended Judgment). *See* Fed. R. App. P. 4(b)(1)(A) ("In a criminal case, a defendant's notice of appeal must be filed in the district

court within 14 days after the later of: (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal."). Petitioner filed this section 2255 motion in this Court on October 16, 2013, which was nearly three years after the Second Amended Judgment and two years after the limitations period under section 2255(f)(1) had expired. The motion was, therefore, not filed timely under section 2255(f)(1). *See McKoy v. United States*, Nos. 2:09-cr-00056-DBH-1, 2:12-cv-00347-DBH, 2013 WL 530470, at *1, 2013 U.S. Dist. Lexis 19366, at *2-3 (D. Me. Jan. 4, 2013) (recommended decision) (adopted Feb. 12, 2013).[1]

Petitioner argues that his motion was filed timely under section 2255(f)(3) (i.e., based on a right recently recognized by the Supreme Court), citing several recent Supreme Court cases. Petitioner first contends that he is entitled to relief based on the Supreme Court's decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013). More specifically, Petitioner argues that *Alleyne*, in which the Court addressed the need for a jury to make findings that increase a statutory minimum sentence, applies retroactively to cases on collateral review and affords him the right to a jury trial.

Petitioner's argument under section 2255(f)(3) fails. The Supreme Court's holding in *Alleyne* is actually an extension of its holding in *Apprendi v. New Jersey,* 530 U.S. 466, 477 (2000). As the plurality explained in *Alleyne,* the Court held in *Apprendi* that "any fact that increased the prescribed statutory *maximum* sentence must be an 'element' of the offense to be found by the jury." *Alleyne,* 133 S.Ct. at 2157 (emphasis added) (citing *Apprendi,* 530 U.S. at 483, n.10, 490). In *Alleyne,* the Court held that because mandatory

---

[1] Petitioner's incorrect filing in the First Circuit of a motion requesting permission to file a second or successive motion did not toll the limitations period. *See United States v. Daoust*, 2013 WL 5873377, at *2, 2013 U.S. Dist. Lexis 156471, at *5 (D. Me. Sept. 26, 2013) (recommended decision) (adopted Oct. 30, 2013) (noting that "an unnecessary request for leave to file a second or successive petition would not serve to toll the limitations period"). Petitioner does not argue to the contrary.

*minimum* sentences increase the penalty for a crime, "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." *Id.* at 2155.

Neither *Alleyne* nor *Apprendi* changes the analysis of the sentence imposed upon Petitioner's plea. As part of the plea agreement, Petitioner acknowledged his understanding of the penalties applicable to Counts I and II. As to Count I, which charged drug trafficking conspiracy, Petitioner agreed that he was subject to a maximum of 30 years of imprisonment, but no minimum term. This acknowledgement is consistent with 21 U.S.C. § 841(b)(1)(C), which provides in relevant part that "[i]f any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment of not more than 30 years . . . ." Petitioner's seven-year term of imprisonment was well below the statutory maximum, and was not based on a statutorily-mandated minimum sentence. Petitioner's sentence on Count I, therefore, raises no issue under *Apprendi* or *Alleyne*. *See United States v. Doe*, 741 F.3d 217, 234 (1st Cir. 2013) (holding, on direct appeal, that *Alleyne* did not apply because the facts found at sentencing did not "trigger a mandatory minimum punishment or alter a statutory maximum").

Count II, by which Petitioner was charged the firearms offense, carried a statutory minimum sentence of five years, which minimum Petitioner acknowledged in the plea agreement. The plea agreement thus accurately stated the minimum sentence set forth in 18 U.S.C. § 924(c)(1)(A), which provides in relevant part:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime,

6

> possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—
>
> (i) be sentenced to a term of imprisonment of not less than 5 years.

Because the sentence imposed on Count II was within the range of penalties provided by law for the charge, and because the sentence was based on a plea that the Court accepted, the reasoning of *Alleyne* is inapplicable to Count II. *See Doe*, 741 F.3d at 234. [2]

Petitioner also relies on *Peugh*, 133 S. Ct. 2072, in which the Supreme Court held that "there is an *ex post facto* violation when a defendant is sentenced under Guidelines promulgated after he committed his criminal acts and the new version provides a higher applicable Guidelines sentencing range than the version in place at the time of the offense." *Id.* at 2078. The Court's holding in *Peugh* is inapplicable in this case. First, the guidelines range did not change between the time of Petitioner's offenses and the time of his sentencing.[3] In addition, the Court granted Petitioner's request for a downward departure (ECF No. 30), which resulted in a sentence that was below the otherwise applicable sentencing guideline range.

Finally, Petitioner cites *McQuiggin*, 133 S. Ct. 1924, in which the Court held that "a credible showing of actual innocence may allow a prisoner to pursue his constitutional

---

[2] Even if Count I or Count II had presented a scenario to which *Alleyne* otherwise might have applied, the First Circuit has not yet addressed whether *Alleyne* is to be applied retroactively to cases on collateral review, *see Beaman v. United States*, No. 13-2157 (1st Cir. Nov. 5, 2013), and this Court has held that in the absence of First Circuit holding to the contrary, *Alleyne* is not retroactively applicable. *United States v. Reynoso*, No. 2:08-cv-111-DBH, 2:12-cv-165-DBH, 2014 WL 185333, at *5; 2014 U.S. Dist. Lexis 5202 (D. Me. Jan. 15, 2014) (order affirming); 2013 U.S. Dist. Lexis 183690, at *11-12 (D. Me. Oct. 31, 2013) (recommended decision).

[3] The 2009 United States Sentencing Commission Guidelines Manual incorporated guideline amendments effective November 1, 2009, and earlier. *See* 28 U.S.C. §994(p). The 2010 United States Sentencing Commission Guidelines Manual incorporated guideline amendments effective November 1, 2010, and earlier. *See id.* Thus, Petitioner's offenses, which occurred between November 18, 2009, and January 14, 2010, and his sentencing, which was on September 29, 2010, all occurred while the 2009 Guidelines Manual was in effect. This case, therefore, does not raise the issues discussed in *United States v. Pagán-Ferrer*, 736 F.3d 573, 596-99 (1st Cir. 2013) ("The issue is often complicated, however, when defendants . . . are sentenced for multiple convictions arising from offenses committed over a period of time that spans multiple versions of the frequently-revised Guidelines.").

claims . . . on the merits notwithstanding the existence of a procedural bar to relief." *Id.* at 1931. However, the Court also held that an unjustified delay may reduce the reliability of a claim of actual innocence: "[a] federal habeas court, faced with an actual-innocence gateway claim, should count unjustifiable delay on a habeas petitioner's part, not as an absolute barrier to relief, but as a factor in determining whether actual innocence has been reliably shown." *Id.* at 1928.

Petitioner has no claim under section 2255(f)(4), nor has he demonstrated actual innocence. His claim under section 2255(f)(4) fails because he asserts no facts that were "discovered through the exercise of due diligence," and thus the limitations period set forth in section 2255(f)(4) does not apply. Rather, he argues that there was an insufficient nexus between the gun found at his residence and the drug conspiracy. In particular, Petitioner argues that because he did not use or carry the gun either "during" or "in relation to" the drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A), he did not violate the statute. Petitioner has advanced a legal argument rather than newly discovered facts. Section 2255(f)(4), therefore, does not apply. *See Barreto-Barreto v. United States*, 551 F.3d 95, 99 n.4 (1st Cir. 2008) ("To the extent the petitioners attempt to argue that § 2255(f)(4) applies, their argument is unavailing because the discovery of a new legal theory does not constitute a discoverable 'fact' for purposes of § 2255(f)(4).").[4] Petitioner asserts the same lack-of-nexus argument to support his contention that his claim should proceed on its merits because he is actually innocent. Petitioner's argument is similarly lacking.

---

[4] Petitioner's argument also lacks merit because 18 U.S.C. § 924(c)(1)(A) also makes it illegal to possess a firearm in furtherance of a drug trafficking crime. *See Abbott v. United States*, 131 S. Ct. 18, 25 (2010). By admitting to the crimes alleged in the two-count information, Petitioner admitted that the government had sufficient evidence to prove that he received the firearm in payment for one of the drug deals, thus establishing that he possessed the firearm in furtherance of the crime.

8

"It is important to note . . . that 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

Petitioner cannot establish that he is entitled to proceed pursuant to 28 U.S.C. section 2255(f)(3) or 2255(f)(4), nor can he claim actual innocence. Accordingly, his request for relief is barred by the one-year limitations period set forth in section 2255.

### B. Merit of the Motion

As explained above, the Court could deny Petitioner's motion based on his failure to file timely the motion. Alternatively, the Court could deny Petitioner's request for relief based on the motion's lack of merit.

Petitioner's first merit-based claim asserts ineffective assistance of counsel, citing his counsel's alleged failure to advance his argument that there was an insufficient nexus between the firearm and the drug sales, and his counsel's failure to advise him not to plead guilty on that basis. To succeed on a claim of ineffective assistance of counsel, a petitioner "must demonstrate both: (1) that 'counsel's performance was deficient,' meaning that 'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment'; and (2) 'that the deficient performance prejudiced the defense.'" *United States v. Valerio,* 676 F.3d 237, 246 (1st Cir.2012) (quoting *Strickland v. Washington,* 466 U.S. 668, 687 (1984)). The two prongs of the ineffective assistance test are commonly referred to as the "cause" and "actual prejudice" tests. *Bucci v. United States*, 662 F.3d 18, 29 (1st Cir. 2011) (citing *United States v. Frady*, 456 U.S. 152, 164-67 (1982)). A district court reviewing such claims need not address both prongs of the test because a failure to meet either prong will undermine the claim. *Strickland*, 466 U.S. at 697. Petitioner's ineffective assistance claim lacks merit because, as discussed above, the underlying argument that there was an insufficient nexus between

the firearm and the drug sales has no merit; Petitioner cannot demonstrate that counsel's performance was ineffective or prejudicial because the argument is meritless. *See Tse v. United States*, 290 F.3d 462, 465 (1st Cir. 2002) (holding that because the petitioner's "claims fail on the merits, his related claims that counsel rendered ineffective assistance in failing to press the claims at trial or on appeal must also fail").

Petitioner also contends that the Court abused its discretion in failing to instruct the jury about the elements of section 924(c). This claim is unpersuasive because Petitioner did not have a jury trial; rather, he pled guilty.[5]

Petitioner next maintains that he was convicted of a crime that was different than the crime charged in the indictment. "[A] court cannot permit a defendant to be tried on charges that are not made in the indictment against him." *Stirone v. United States*, 361 U.S. 212, 217, (1960). To do otherwise would fail "to preserve the defendant's Fifth Amendment right to indictment by grand jury, to prevent re-prosecution for the same offense in violation of the Sixth Amendment, and to protect the defendant's Sixth Amendment right to be informed of the charges against him." *Brandao,* 539 F.3d 44, 57 (1st Cir. 2008) (citing *United States v. Pierre,* 484 F.3d 75, 81 (1st Cir.2007)).

In support of his argument, Petitioner refers to the rule of law that "[a] constructive amendment occurs when the charging terms of an indictment are effectively altered by the prosecution or the court after the grand jury has last passed upon them." *United States v. Rodríguez–Rodríguez,* 663 F.3d 53, 58 (1st Cir. 2011) (citing *Brandao,* 539 F.3d at 57),

---

[5] Petitioner argues that he is entitled to a jury trial, pursuant to *Alleyne*, but that case is inapplicable for the reasons discussed above. As part of his argument, he asserts that after *Alleyne*, *Almendarez–Torres v. United States,* 523 U.S. 224 (1998), was no longer good law. In *Almendarez-Torres*, the Court held that the fact of a prior conviction need not be charged in the indictment or decided by a jury. 523 U.S. at 226-27. As the First Circuit recently noted, the *Alleyne* Court "stated that [*Almendarez–Torres*] remains good law." *United States v. Carrigan,* 724 F.3d 39, 51 n. 4 (1st Cir.2013).

*cert. denied*, —— U.S. ——, 132 S. Ct. 1592 (2012). Simply stated, Petitioner's contention is without merit because he did not have a trial, and he pled to an information. Petitioner waived indictment and was convicted based on his plea to an information. An information is "[a] formal criminal charge made by a prosecutor without a grand-jury indictment." *Black's Law Dictionary* 849 (9th ed. 2009). Because Petitioner waived the presentment of the charges to the grand jury, and because Petitioner was not tried on an amended indictment, Petitioner cannot prevail on this basis.

Finally, Petitioner argues that counsel was ineffective for failing to file a notice of appeal. As part of the plea agreement, Petitioner waived his right to appeal. The First Circuit has stated:

> In this circuit, presentence waivers of appellate rights are enforceable if they meet certain criteria. [*United States v. Teeter,* 257 F.3d 14, 23 (1st Cir. 2001)]. First, we require that the defendant enter into the waiver "knowingly and voluntarily." *Id.* at 24–25; *accord United States v. Torres–Oliveras,* 583 F.3d 37, 40 (1st Cir. 2009). In examining whether the defendant knowingly and voluntarily waived his appellate rights, the text of the written plea agreement and the change-of-plea colloquy are of critical importance. *Teeter,* 257 F.3d at 24. We evaluate whether the written plea agreement "contains a clear statement elucidating the waiver and delineating its scope," and whether the district court "inquire[d] specifically at the change-of-plea hearing into any waiver of appellate rights," as required by [Fed. R. Crim. P. 11(b)(1)(N)]. *Id.* Second, even if the waiver is knowing and voluntary, we retain discretion not to enforce the waiver if it would result in a "miscarriage of justice." *Id.* at 25; *accord Torres–Oliveras,* 583 F.3d at 42.

*Sotirion v. United States*, 617 F.3d 27, 33 (1st Cir. 2010); *see also United States v. Ríos-Hernández*, 645 F.3d 456, 461 (1st Cir. 2011) ("A criminal defendant may waive his right to appeal as long as his waiver is voluntary and made with knowledge of the consequences of the waiver."). Here, the Court accepted the plea, and Petitioner does not claim that his plea was involuntary or that enforcing the plea agreement would result in a miscarriage of justice.

This Court recently noted that "[n]either the Supreme Court nor the First Circuit has yet decided whether [an] attorney's failure to file a requested appeal, notwithstanding a valid waiver of appeal, constitutes deficient performance and gives rise to a presumption of prejudice." *United States v. Granger*, Nos. 2:11-cr-139-DBH-02, 2:13-cv-74-DBH, 2013 WL 5671153, at *9-11, 2013 U.S. Dist. Lexis 147989 (D. Me. Oct. 15, 2013), 2013 U.S. Dist. Lexis 148955, at *24-28 (D. Me. Sept. 4, 2013) (recommended decision) (collecting cases and noting a split of authority among the circuit courts). In the absence of controlling authority to the contrary, the authority cited in *Granger*, holding that an attorney does not have a duty to file a notice of appeal when there is a valid waiver of the right to appeal, remains persuasive. *Id.* (citing *United States v. Mabry*, 536 F.3d 231, 242 (3d Cir. 2008); *Nunez v. United States*, 546 F.3d 450, 453-56 (7th Cir. 2008)). Petitioner thus cannot demonstrate either deficient performance or prejudice by counsel's failure to file a notice of appeal.

### III.  CONCLUSION

For the reasons stated above, no evidentiary hearing is warranted under Rule 8 of the Rules Governing Section 2255 Cases. Accordingly, the recommendation is that the Court deny Petitioner's motion for habeas relief under 28 U.S.C. § 2255, and that because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2), the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases.

### NOTICE

> A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive

memorandum shall be filed within fourteen (14) days after the filing of the objection.

       Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

                                                  /s/ John C. Nivison
                                                  U.S. Magistrate Judge

March 12, 2014