UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| CHARLES LEE MILES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:10-cr-00076-JAW-1 |
| | ) | 1:13-cv-00382-JAW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

## RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION

This matter is before the Court on Petitioner Charles Lee Miles's motion (ECF No. 45), pursuant to 28 U.S.C. § 2255, regarding his 2010 conviction for (1) conspiracy to possess with intent to distribute oxycodone and (2) using, carrying, or possessing a firearm during and in relation to a drug trafficking crime(Second Amended Judgment, ECF No. 34 at 1). Petitioner previously filed a 28 U.S.C. § 2255 motion, which the Court denied in April 2014. (ECF Nos. 43, 44.)[1]

In June 2014, Petitioner filed the pending motion, entitled "Motion under 2255(f)(3) or motion to re-consider and amend previous 2255(f)(3)," in which motion he requests relief pursuant to *Descamps v. United States*, 133 S. Ct. 2276 (2013), and *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), among other cases. In its response, the Government requested summary dismissal because Petitioner's motion is a second or successive section 2255 motion that is subject to the gatekeeping

---

[1] In support of Petitioner's first motion, he asserted that he did not commit a firearms offense in violation of 18 U.S.C. § 924(c)(1)(A) because there was an insufficient nexus between the firearm, which federal agents found at his residence, and the drug trafficking conspiracy. Petitioner also maintained that his counsel was ineffective; that recent Supreme Court cases (*Alleyne v. United States*, 133 S. Ct. 2151 (2013), *Peugh v. United States*, 133 S. Ct. 2072 (2013), and *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013)) supported his request for relief; and that he was "actually innocent" of the charges of which he was convicted. (Recommended Decision, ECF No. 43 at 1.)

requirements of 28 U.S.C. §§2244, 2255(h). (Response, ECF No. 48.) As explained below, the recommendation is that the Court dismiss the motion.

Petitioner's pending motion is in substance a section 2255 motion, regardless of the way in which Petitioner has captioned the motion. *See Trenkler v. United States*, 536 F.3d 85, 97 (1st Cir. 2008) ("On its face, the petition is brought on behalf of a federal prisoner still in custody and challenges his sentence as unauthorized under the statutes of conviction. This is a classic habeas corpus scenario, squarely within the heartland carved out by Congress in section 2255."). Petitioner's motion, therefore, is a second or successive section 2255 motion.

This Court lacks jurisdiction to consider a second or successive section 2255 motion unless the First Circuit has specifically authorized the Court to consider the motion. Title 28 U.S.C. § 2244, which, as set forth in section 2255(h), governs second or successive motions, provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). First Circuit Rule 22.1(e) states in pertinent part: "If a second or successive § 2254 or § 2255 petition is filed in a district court without the requisite authorization by the court of appeals pursuant to 28 U.S.C. § 2244(b)(3), the district court will transfer the petition to the court of appeals pursuant to 28 U.S.C. § 1631 or dismiss the petition." The First Circuit has held: "We have interpreted [section 2255(h)] as 'stripping the district court of jurisdiction over a second or successive habeas petition unless and until the court of appeals has decreed that it may go forward.'" *Trenkler*, 536 F.3d at 96 (quoting *Pratt v. United States*, 129 F.3d 54, 57 (1st Cir. 1997)). Here, the record is devoid of any evidence to suggest that the First Circuit has authorized this Court to consider Petitioner's second or successive motion. The Court, therefore, lacks jurisdiction to consider the pending section 2255 motion.

## CONCLUSION

Based on the foregoing analysis, in accordance with the gatekeeping provisions of 28 U.S.C. §§ 2244, 2255(h), the recommendation is (1) that the Court dismiss Petitioner's motion (ECF No. 45), and (2) that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 19th day of September, 2014.